IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA J. LAUDERDALE, | § | BANKRUPTCY NO. 05-92128 |
| | § | ADVERSARY NO. 06-3113 |
| Debtor. | § | |

| | | |
|---|---|---|
| TERESA J. LAUDERDALE, for Herself and on Behalf of Her Two Minor Children, | § § § § | |
| Appellant, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-2284 |
| IMOGEN S. PAPADOPOULOS, | § § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Appellant, Teresa J. Lauderdale, for herself and on behalf of her two minor children, appeals an order entered on June 20, 2006, by the United States Bankruptcy Court granting summary judgment in favor of Appellee, Imogen S. Papadopoulos, and denying discharge-ability of a state court judgment against Appellant.[1]

## I.   Factual and Procedural Background

Prior to filing her bankruptcy case, Appellant was involved in a divorce proceeding styled In the Matter of the Marriage of Sami A. Kabbani and Teresa J. Lauderdale and in the Interest of

_____

[1]Order Regarding Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment, Docket Entry No. 16 in Bankruptcy No. 05-92128.

[the minor children], Cause No. 2001-18681 in the 308th Judicial District Court of Harris County, Texas.  A final Decree of Divorce was signed on August 16, 2002.  During the divorce proceeding the state court appointed Appellee to represent the interests of the minor children of the marriage as guardian/attorney ad litem.  The Final Decree of Divorce awarded Appellee judgment against Appellant in the amount of $13,379.44 as reasonable and necessary fees for representing the minor children.[2]  Both parties agree that $12,529.44 of this amount remains unpaid.[3]

On October 14, 2005, Appellant filed a voluntary chapter 7 petition.  On January 31, 2006, Appellee filed an adversary proceeding against Appellant seeking a determination that Appellee's judgment against Appellant was a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(5) as necessary maintenance and support obligations of Appellant's minor children.  Relying on the Fifth Circuit's interpretation of § 523(a)(5), the bankruptcy court held that the state court judgment against Appellant is nondischargeable.  Appellant appeals this decision, alleging that Appellee's claim is dischargeable under §§ 523(a)(5) and (15).

---

[2]Exhibit 3 attached to Appellants' Brief, Docket Entry No. 3 in C.A. No. H-06-1269 ("IT IS ORDERED that IMOGEN S. PAPADOPOULOS, Guardian/Attorney Ad Litem for the minor children . . . is awarded judgment as necessaries and as additional child support for the benefit of the minor children in the sum of $13,379.44 against TERESA J. LAUDERDALE for reasonable and necessary Guardian/Attorney Ad Litem fees . . . .").

[3]Appellants' Brief, Docket Entry No. 3, p. 7; Brief of Appellee, Docket Entry No. 4, p. 3 in C.A. No. H-06-1269.

## II.  <u>Analysis</u>

### A.   Standard of Review

The court reviews findings of fact by the bankruptcy court under the clearly erroneous standard and reviews issues of law and mixed questions of law and fact <u>de novo</u>.  <u>Universal Seismic Assocs. Inc. v. Harris County (In re Universal Seismic Assocs., Inc.)</u>, 288 F.3d 205, 207 (5th Cir. 2002).

### B.   11 U.S.C. § 523(a)(5)

At the time of Appellant's bankruptcy, 11 U.S.C. § 523(a)(5) provided:

> A discharge under . . . this title does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that . . . such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.[4]

---

[4]Amendments to this statute have since become effective, which change the language of § 523(a)(5) to read "A discharge under [this title] does not discharge an individual from any debt (5) for a domestic support obligation."  Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 215(1)(A), 119 Stat. 23, 54 (2005).  "Domestic support obligation" is defined in 11 U.S.C. § 101(14A) and can be summarized as follows:  a domestic support obligation is (a) a debt owed to or recoverable by a spouse, former spouse, or child of a debtor or such child's parent, legal guardian, or responsible relative, or a governmental unit; (b) in the nature

(continued...)

Appellant first argues that Appellee's state court judgment is not covered by § 523(a)(5) because Appellee is not a "spouse former spouse, or child of the debtor." However, the United States Court of Appeals for the Fifth Circuit has rejected the argument that attorney's fees are dischargeable simply because they are payable to an attorney. In the Matter of Hudson, 107 F.3d 355, 357 (5th Cir. 1997) ("This is no different from an obligation to pay medical bills incurred by a child directly to the care provider.").[5]

Appellant next argues that the debt is not in the nature of alimony, maintenance, or support of a spouse or child. This argument is foreclosed by In the Matter of Dvorak, 986 F.2d 940 (5th Cir. 1993), in which the Court held:

> Section 523(a)(5) does not discharge a debtor from any debt for support of his or her child, if that debt is in connection with a court order. . . . Roland Carlson, as Brandi Rich's guardian ad litem, supplied services during the child custody hearing of Brandy Rich. That hearing was clearly for Brandi

---

[4](...continued) of alimony, maintenance, or support of such spouse, former spouse or child, without regard to whether such debt is expressly so designated; (c) established under a separation agreement, divorce decree or property settlement agreement, or an order of a court of record; and (d) not assigned other than for collection purposes. See In re O'Brian, 339 B.R. 529 (Bankr. D. Mass. 2006). Neither party argues that the amendment governs this appeal. Moreover, the amendment would not appear to change the outcome of this appeal even if it were applicable.

[5]Appellant argues that Hudson is distinguishable from this case because Hudson involved paternity determination rather than child custody. The Fifth Circuit's reasoning, however, does not depend on the type of action. Rather, the court relied on the fact that "the ultimate purpose of such a proceeding is to provide support for the child." Hudson, 107 F.3d at 357. Thus, Hudson is indistinguishable from this case.

Rich's benefit and support, as the purpose of the
hearing was to determine who could provide the best
home for her. . . . Because the fees . . . were
incurred during a court hearing that was for Brandi
Rich's benefit and support, and because the state
court then ordered the fees be paid by Appellant, we
conclude that the fees constitute a non-
dischargeable debt under § 523(a)(5).

Appellant argues that the Fifth Circuit erred in <u>Dvorak</u> "by
improperly defining child support as expenditures that are for the
child's benefit and support."[6]  To support this argument Appellant
cites to a definition of "child support" offered on the website of
the Office of Child Support Enforcement, Department of Health and
Human Services.[7]  However, § 523(a)(5) does not use the term "child
support," nor does it refer to the Department of Health and Human
Services' definitions.  Instead, "[w]hether a particular debt is a
support obligation, excepted from discharge under 11 U.S.C.
§ 523(a)(5) is a question of federal *bankruptcy* law . . . ."
<u>Hudson</u>, 107 F.3d at 356 (emphasis added).

Finally, Appellant argues that the determination in the
divorce decree was not made in accordance with state law because
the Texas Family Code does not define child support to include
attorney's fees.[8]  The state court's judgment held that Appellant

---

[6]Appellant's Brief, Docket Entry No. 3, p. 14 in C.A.
No. H-06-1269.

[7]Appellant's Brief, Docket Entry No. 3, p. 13 in C.A.
No. H-06-1269.

[8]Appellant's Brief, Docket Entry No. 3, p. 16 in C.A.
No. H-06-1269.

owed Appellee $13,379.44 for Appellee's work as guardian/attorney ad litem.  This judgment *was* in accordance with state law and any labels used by the state court are not binding on the bankruptcy court.  Whether a particular debt is a "support obligation" under § 523(a)(5) is a question of *federal* bankruptcy law, not state law. See <u>Hudson</u>, 107 F.3d at 356.

**C.   11 U.S.C. § 523(a)(15)**

Because the debt in question is properly characterized as a maintenance or support obligation under § 523(a)(5), § 523(a)(15) is not called into play.  <u>In re Fulton</u>, 236 B.R. 626 (Bankr. E.D. Tex. 1999).  The court therefore need not reach Appellant's arguments with regard to § 523(a)(15).

### III.   <u>Conclusion and Order</u>

For the reasons stated above, the bankruptcy court's June 20, 2006, Order is **AFFIRMED**.

**SIGNED** at Houston, Texas, on this 13th day of September, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE